# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **DALLAS RATLIFF,** )<br>  )<br>     **Plaintiff,**  )<br>  )<br> **v.** )<br>  )  **Case No.**<br> **AT&T SERVICES INC.,** )<br> **Serve Resident Agent:**  )  **JURY TRIAL DEMANDED**<br> **The Corporation Company, Inc.**  )<br> **112 SW 7th Street Suite 3C**  )<br> **Topeka, KS 66604**  )<br>  )<br>     **Defendant.**  )  | |

## COMPLAINT

## NATURE OF THE CLAIM

COMES NOW the Plaintiff, Dallas Ratliff ("Plaintiff"), by and through her attorneys, and alleges the following against AT&T Services Inc. ("AT&T"):

1. This case is brought by Plaintiff against AT&T. Plaintiff seeks monetary damages to redress the deprivation of Rights accorded to Plaintiff under the Civil rights Act, 42 U.S.C. §1981 ("§1981"), and 42 U.S.C. §2000(e) *et seq* ("Title VII").

## JURISDICTION AND VENUE

2. Both jurisdiction and venue are proper in this Court, because federal questions are involved, and because, the unlawful employment practices were committed within this judicial circuit. Jurisdiction and venue are therefore proper in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1391(b).

3. At all times mentioned herein, all of Defendant's employees were acting within the scope of their employment with Defendant in furtherance of its business.

## PARTIES

4. Plaintiff is a female biracial (African-American and Caucasian) and permanent resident of the United States.

5. At all times relevant herein, Plaintiff was employed by AT&T.

6. AT&T is a corporation authorized and doing business in the state of Kansas.

7. At all times relevant to the allegations in this Complaint, AT&T has engaged in interstate commerce, done business in the State of Kansas and has been an employer within the meaning of 42 U.S.C. §2000(e) *et seq* ("Title VII").

## CONDITION PRECEDENT

8. Plaintiff has filed a timely Charge of Discrimination with the Equal Employment Opportunities Commission (EEOC). A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.

9. Plaintiff received her right-to-sue notice pursuant to Title VII.  A copy of the right to sue is attached hereto as Exhibit B and incorporated herein by reference.  This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## GENERAL ALLEGATIONS

10. On or about September 9, 1998 Plaintiff began employment with AT&T as a "Customer Service Representative" at the   220 SE 6th Ave Topeka Kansas location.

11. Almost immediately, and continuing throughout her employment, Plaintiff was subjected to disparate treatment and a hostile and harassing work environment based upon her race.

12. The following list includes some examples, among others, of the racial slurs and racially derogatory comments directed specifically at Plaintiff by her second line manager Angela Winchester.

- Running the office like a "Nazi Camp"
- Management employees repeatedly referring to the office's conference room as a "Bunker".
- Repeated references to Adolf Hitler.

13. In addition to the above comments, Winchester would support and condone the harassing work environment in which Plaintiff was forced to work.

14. Plaintiff had made multiple complaints about the harassing work environment and disparate treatment throughout her employment, yet nothing was done by defendant.

15. In addition to racial and discriminatory comments, Plaintiff was regularly treated differently and more harshly than her white co-workers.

16. For example, two of white co-workers would often harass Plaintiff, and physically bump into her as they passed by.

17. This treatment was ongoing for years, and despite Plaintiff's multiple complaints to management and human resources, nothing was done about the harassing, bullying and discriminatory treatment of Plaintiff.

18. Plaintiff has stated to her supervisors and human resources that the harassment and bullying based upon her race and prior complaints has caused anxiety, panic attacks, migraines, issues with sleeping and eating, and PTSD, which in turn has caused her to use FMLA intermittently throughout her employment.

19. On or about December 13, 2019; Plaintiff was again harassed by one of two white co-workers that habitually harassed her.

20. When Plaintiff returned to her desk, she saw the white co-worker enter an office with a manager.

21. Plaintiff messaged the manager that she would like to be present in the meeting, to tell her side of the story.

22. When Plaintiff was told that she could not be in the meeting, Plaintiff responded, 'Telling my side won't matter, I don't have white privilege".

24. Instead of treating Plaintiff's statement for what it was, a clear complaint of differential treatment based upon race, Plaintiff was reprimanded for making the statement.

25. Plaintiff was disciplined more severely than the white employee that had harassed her, despite of, and because of her complaint of discrimination to a member of management for defendant.

26. Plaintiff's write-up was in retaliation for making a complaint of racial inequality.

27. In the meeting where she was issued her write-up, Plaintiff was told not to speak by her manager When Plaintiff explained that her comment was about her own discrimination, Plaintiff was told that her comment was not a complaint, and that it was instead discriminatory.

28. After the COVID-19 pandemic caused changes to facility operations, Plaintiff and her other co-workers were allowed to work from home, which caused her work-related stress, PTSD and anxiety to improve.

29. Because of this marked improvement in her symptoms, Plaintiff made a request for accommodation to work from home permanently, with a note from her doctor.

30. Plaintiff's request for accommodation was denied without explanation from Defendant.

31. At all times mentioned herein, before and after, the above described perpetrators were agents, servants and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Defendant. Therefore, Defendant is liable for the actions of said persons and/or other perpetrators under all theories pled herein.

## COUNT I
## Violations of 42 U.S.C. §1981

32. Plaintiff hereby incorporates by reference the allegation in the preceding paragraphs as if fully set forth herein.

33. During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination against Plaintiff.

34. Defendants' harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

35. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

36. Management level employees knew, or should have known, of the racial harassment and racial discrimination described herein, but failed to take appropriate remedial action.

37. By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendants exacerbated the racially hostile environment and

racial discrimination in Plaintiff's workplace.

38. Because of its actions, Defendants deliberately rendered Plaintiff's working conditions intolerable.

39. As a result of Defendants rendering the working conditions intolerable, Plaintiff was forced to seek medical treatment and request accommodations.

40. Defendant, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

41. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers and will continue to suffer damages, including, emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendant for a finding that she has been subjected to unlawful discrimination; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

## COUNT II
### Title VII- Racial Discrimination and Racial Harassment

42. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

43. During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination and racial harassment against Plaintiff.

44. The Defendant's harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and

offensive working environment.

45. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

46. Management level employees knew, or should have known, of the racial harassment and discrimination described herein, but failed to take appropriate remedial action.

47. By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendants exacerbated the racially hostile environment and discrimination in Plaintiff's workplace.

48. Because of its actions, Defendants deliberately rendered Plaintiff's working conditions intolerable.

49. As a result of Defendants rendering the working conditions intolerable, Plaintiff was forced to take intermittent FMLA, and request an accommodation to work from home accommodation.

50. Defendant, through its agents and employees, engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

51. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff is now suffering and will continue to suffer damages, including emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful racial harassment and discrimination provided by 42 U.S.C. 2000(e) *et seq.*; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert' fees provided by 42 U.S.C. §2000(e) -5(k); and for such other and further relief the Court deems just and proper.

## COUNT III
### Title VII—Retaliation

52. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

53. Plaintiff's complaints concerning the racial discrimination and racial harassment she was subjected to constituted protected activity.

54. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

55. Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of her federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

56. Defendant's retaliatory actions against Plaintiff caused him to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of her Complaint, for a finding that she has been subjected to unlawful discrimination provided by 42 U.S.C. 2000(e) *et seq.;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' and expert's fees provided by 42 U.S.C. 2000(e)-5(k); and for such other and further relief the Court deems just and proper.

## COUNT IV
### Violations of 42 U.S.C. §1981—Retaliation

57. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth herein.

58. Plaintiff's complaints concerning the racial discrimination and racial harassment she was subjected to constituted protected activity.

59. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

60. Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of her federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

61. Defendant's retaliatory actions against Plaintiff caused him to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Complaint, for a finding that she has been subjected to unlawful discrimination provided by 42 U.S.C. 1981*;* for an award of back pay, including lost fringe benefits, bonuses, costs of living increases and other benefits including interest; for an award of front pay in a reasonable amount; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' and expert's fees; and for such other and further relief the Court deems just and proper.

## COUNT V
### Americans with Disabilities Act ("ADA") – Disability Discrimination/Failure to Accommodate

62. Plaintiff incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

63. The ADA prohibits discrimination against a person who has or is regarded as having, or has a record of, a physical or mental impairment that substantially limits one or more of his major life activities.

64. Plaintiff's anxiety, depression, panic attacks, PTSD, and Migraine headaches constitute mental and physical impairments that substantially limits one or more of her major life activities as alleged herein and are qualifying disabilities under the ADA.

65. The conduct and actions by the above-described perpetrators were performed on the basis of disability, and constitute discrimination based on disability.

66. By discriminating against Plaintiff on the basis of disability, Defendant engaged in conduct that is prohibited by the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

67. Defendant's conduct caused Plaintiff severe emotional distress, manifested in ways including but not limited to depression, anxiety, stress, mental anguish, fear, embarrassment, hopelessness, and harm to reputation.

68. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

69. Defendant's treatment of Plaintiff was punitive in nature and was based upon Plaintiff's status as a person with a mental and physical impairment that substantially limits one or more major life activities.

70. Supervisory and administrative level employees knew or should have known of the discrimination, but that failed to appropriately address the problem and further failed to implement effective and appropriate procedures to stop the discrimination.

71. The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter others from similar conduct.

72. At all times mentioned herein, the above-referenced perpetrators were employees,

agents and servants of Defendant and were at all such times acting within the course and scope of their employment with Defendant and/or their actions were expressly authorized by Defendant making Defendant liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count V of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. § 12101 et. seq.; for an award of compensatory and punitive damages, for costs expended, reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

### Demand for Jury Trial

62. Plaintiff demands a trial by jury on all issues of fact.

### Designation of Place of Trial

63. Plaintiff designates the Kansas City, Kansas courthouse as the place of trial.

Respectfully submitted,

The Tourigny Law Firm, LLC

By:     Greg N. Tourigny
Greg N. Tourigny DKAN # 78874
4600 Madison Avenue, Suite 810
Kansas City MO, 64112
(816) 945-2861
greg@tourignylaw.com

HOLMAN SCHIAVONE, LLC

M. Shaun Stallworth, DKAN #78332
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810

Kansas City, Missouri 64112
Phone: 816.283.8738
Fax: 816.283.8739
sstallworth@hslawllc.com

ATTORNEYS FOR PLAINTIFF

12